In the matter of an alleged escheat of lands of WILLIAM
LUTZ, deceased.

[Argued October 29th, 1925.   Decided February 1st, 1926.]

The opening of a decree in chancery rests in the discretion of the
chancellor, and a refusal to open such decree will not be reviewed
by this court where the evidence submitted would be insufficient to
overcome that on which the decree was founded.

On appeal from a decree of the court of chancery advised
by Vice-Chancellor Berry.

*Mr. Edward L. Katzenbach,* attorney-general, for the ap-
pellee.

*Mr. John C. Reed,* for the appellant.

The opinion of the court was delivered by

HETFIELD, J.

This is an appeal from an order of Vice-Chancellor Berry
dismissing a petition filed by the appellant, Jacob H. Lutz,
to open a decree of the court of chancery, entered March
23d, 1925, ordering that certain lands situate in Atlantic
City escheat to the State of New Jersey.

On the 1st of December, 1924, an inquisition was issued
out of the court of chancery directed to the sheriff of Atlan-
tic county, requiring him to summon a jury and inquire
into the alleged escheat of lands of William J. Lutz, de-
ceased..   The jury, subsequently, made a return that the
said William J. Lutz, deceased, was seized of two parcels of
land situate in Atlantic City.   After the final decree was
entered an order was made directing the issuance of a writ
of seizure, and a public advertisement of sale of said prop-
erty to be held on July 29th, 1925, was inserted in a news-
paper and posted as required by statute.

On June 30th, 1925, the court of chancery made an order to show cause why the final decree should not be opened and the appellant be permitted to traverse the inquisition. The order was based on the appellant's verified petition, and the only allegation it contained, showing relationship to William Lutz, deceased, reads as follows:

"Petitioner is the son of Jacob J. Lutz, now deceased, who was a first cousin in blood of said William J. Lutz, said Jacob J. Lutz also had a sister, one Catharine Snow, now deceased, who left her surviving, Margaret Snow, a daughter. Petitioner and said Margaret Snow are related to said decedent, William J. Lutz, in equal degrees of consanguinity, and are heirs-at-law of said William J. Lutz, capable of inheriting the lands, tenements and hereditaments whereof he died seized as aforesaid."

The only question to this appeal that need be considered is whether the verified petition was sufficient to warrant opening the final decree. The petition recites simply that William Lutz, deceased, and the appellant's father, were first cousins, without supporting the statement with any facts as to his family history, places where his relatives resided and where official records might be obtained as to date of births, deaths, &c.

There is no reference to anyone who knew any members of appellant's family and could give information as to relationship. If the decree had been opened and the appellant had testified to only such facts as are contained in his petition, and offered no further evidence, the court would not have had sufficient grounds to set the proceedings aside.

In *Boyer* v. *Boyer, 77 N. J. Eq. 144,* it was held that "a petition to vacate a default decree in equity should be accompanied by specific affidavits setting forth in detail all the evidence on which the petitioner relies, and, on the return of the order to show cause, counter affidavits may be read."

Our conclusion is that the appellant has not shown that he is entitled to have this decree opened for the purpose of showing a relationship to William Lutz, deceased, and the order dismissing the petition of appellant, vacating the order to

show cause and removing the restraint from the treasurer of this state, is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, VAN BUSKIRK, MCGLENNON, HETFIELD, JJ. 11.

*For reversal*—LLOYD, GARDNER, KAYS, JJ. 3.